UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| KENNETH ROY STEINBAUGH,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | Case No.: CV 10-1730 (SH)<br><br>MEMORANDUM DECISION<br>AND ORDER |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. Pursuant to 27 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Complaint; Defendant's Memorandum of Points and Authorities in Opposition

to Plaintiff's Complaint; and the Plaintiff's Reply to Defendant's Opposition), and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the Commissioner's decision should be reversed and remanded.

On November 4, 2005, plaintiff Kenneth Roy Steinbaugh ("plaintiff") applied for a period of disability and disability insurance benefits, alleging inability to work since February 15, 2005. (AR 66 ). On July 21, 2008, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled under the Social Security Act. (AR 14-26). Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision, plaintiff filed an action in this Court. (AR 6-8).

Plaintiff makes two challenges to the ALJ's Decision denying benefits. Plaintiff alleges that the ALJ (1) failed to provide legally sufficient reasons for rejecting plaintiff's testimony and (2) failed to consider and evaluate the medical opinion of plaintiff's treating physician. Each of plaintiff's claims are addressed in turn below.

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's statements concerning intensity, persistence and limited effects of plaintiff's symptoms. Defendant asserts that the ALJ properly discredited the plaintiff's statements since plaintiff's testimony was neither supported by objective medical findings nor plaintiff's level of treatment.

Under the Social Security Act, an ALJ is not required to believe all of plaintiff's allegations of disabling pain. See Fair v. Brown, 885 F.2d 597, 603 (9th Cir. 1989). However, in rejecting a plaintiff's complaints, an ALJ must make "specific findings justifying that decision." Id. at 602. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d

821, 834 (9th Cir. 1996) (explaining that "[u]nless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting pain testimony must be clear and convincing." Moreover, an ALJ may not discredit the plaintiff's testimony as to subjective symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc). Instead, an ALJ may consider the lack of objective medical evidence supporting plaintiff's testimony as one factor in discrediting an allegation of pain. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). As long as "the pain is associated with a clinically demonstrated impairment, credible pain testimony should contribute to a determination of disability." Howard v. Heckler, 782 F.2d 1484, 1488 n.4 (9th Cir. 1986).

At the hearing, plaintiff testified that he had pain in both hands and suffered from frequent headaches with eye pain. (AR 808-09). The plaintiff also reported that he had constant pain in his knees and arms which worsened with activity. (AR 120). In addition to pain, plaintiff testified that he had memory and concentration problems and would leave tasks unfinished due to forgetfulness or fatigue. (AR 806, 811).

In this case, defendant asserts that the ALJ relied on the lack of objective medical evidence "as one factor among several" in discrediting the plaintiff's testimony. However, the ALJ did not consider "several factors" in discrediting the plaintiff's testimony. With respect to plaintiff's testimony concerning his daily activities, as plaintiff correctly asserts, this Court is limited to reviewing the reasons specified by the ALJ in his opinion. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). Since the ALJ did not discuss the plaintiff's testimony concerning his daily activities as a reason for discrediting the plaintiff's testimony, this Court may not consider it.

Having disposed of that factor, it appears that the ALJ only relied on the lack of objective medical evidence to support that plaintiff's level of treatment

was inconsistent with the level of disability alleged. Specifically, although the ALJ found that the "claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms," the ALJ concluded that the plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible. (AR 24). In reaching this conclusion, the ALJ noted that the plaintiff had not been treated at a pain control center, had not been hospitalized for his impairments, and did not have a longitudinal history of mental complaints or treatment. (AR 24). However, since the plaintiff's pain testimony was associated with a clinically demonstrated impairment, the ALJ should have considered the testimony. The fact that the testimony was not fully supported by the medical evidence was not in itself a sufficient reason for discrediting the testimony. In addition, there was no evidence that the plaintiff was malingering. Therefore, these general findings, without more, were insufficient to reject the plaintiff's testimony.

**ISSUE NO. 2:**

Plaintiff asserts that the ALJ failed to consider and evaluate the medical opinion of plaintiff's treating physician, Dr. Edward Stokes. Defendant asserts that the ALJ considered the medical opinion of Dr. Stokes and properly chose to give more weight to the opinions of other treating physicians.

According to 20 C.F.R. § 404.1527, an ALJ must "evaluate every medical opinion" received. As a general rule, the opinion of a treating source should be given more weight. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific, legitimate reasons, supported by substantial evidence in the record. Id. at 830-31.

In this case, defendant asserts that the ALJ considered the medical opinion of Dr. Stokes, but properly chose to give more weight to plaintiff's other treating physicians, whose opinions were more consistent with the objective evidence in the record. Defendant, however, misses the point. The ALJ did not give more weight to other treating physicians after considering the medical opinion of Dr. Stokes. Instead, as plaintiff correctly asserts, the ALJ failed to consider the medical opinion of Dr. Stokes concerning plaintiff's physical limitations at all.

Specifically, the ALJ stated that, "Dr. Stokes, the orthopedic surgeon who treated the claimant from February 19, 2004 through October 27, 2005, does not offer any opinion regarding the claimant's physical limitations, if any." (AR 22). The ALJ then proceeded to evaluate the opinions of Dr. Morovati and Dr. Roven, who were, according to the ALJ, "[t]he only examining physicians who [had] offered any opinion regarding [the plaintiff's] physical limitations." (AR 22). Although the ALJ referenced exhibit 17F of the record, which contains the medical reports prepared by Dr. Stokes, the ALJ failed to note that Dr. Stokes opined that plaintiff is precluded from repetitive neck motion, and that plaintiff's bilateral wrists and lower extremities require a disability precluding very forceful activities, fine manipulation, and heavy lifting. (AR 537). Therefore, the ALJ did not give the medical opinion of Dr. Stokes in connection with the plaintiff's physical limitations any weight at all.

## ORDER

For the foregoing reasons, the Commissioner's decision is reversed and the matter remanded for further proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. §405(g).

DATED: September 10, 2010

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE